IN THE FEDERAL COURT OF CLAIMS

RYAN KEITH MATHISON,  )
    Plaintiff,  )
  )
v.  )  Judge: __GRIGGSBY__
  )
  )  No. __19-103__
  )
UNITED STATES OF AMERICA,  )  JURY DEMANDED
    Defendant.  )

## COMPLAINT

NOW COMES the Plaintiff, RYAN KEITH MATHISON, pro se, complaining of the Defendant, UNITED STATES OF AMERICA, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against the Defendant for breach of contract.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Tucker Act, 28 U.S.C. §1491(a)(1) and the Constitution of the United States.

### PARTIES

3. Plaintiff, RYAN KEITH MATHISON, is a citizen of the United States of America, who currently resides at the Federal Correctional Institution in Elkton, Ohio.

4. Defendant, UNITED STATES OF AMERICA, engaged in the conduct complained of.

RECEIVED - USCFC
JAN 16 2019

## FACTS

5. On August 26, 2010, Defendant United States of America held Plaintiff incarcerated at FCI Pekin in Illinois pursuant to convictions under Case Number 5:06-cr-04030 in the Northern District of Iowa.

6. On August 26, 2010, Plaintiff awoke due to a heart attack, and FCI staff did not obtain emergency medical assistance.

7. Plaintiff suffered heart damage as a result of delayed medical treatment and deliberate indifference by FCI Pekin staff, and Plaintiff filed a federal civil rights lawsuit in the United States District Court for the Central District of Illinois under Case Number 12-cv-1319.

8. Pursuant to a written agreement on August 24, 2017 (the "Settlement Agreement"), attached hereto as Exhibit 1, between Plaintiff Ryan Mathison and the United States of America, the federal civil rights lawsuit in the Central District of Illinois settled.

9. Section I of the Settlement Agreement states:

    The parties hereby agree to settle and compromise each and every claim, whether know or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above captioned case, as well as all other potential claims, known or unknown, under the terms and conditions set forth in this settlement agreement.

10. The Settlement Agreement clearly provides that any and all monetary claims between the parties were hereby resolved.

11. Further, the Plaintiff never even executed the Settlement Agreement.

12. Section XI of the Settlement Agreement also states, in pertinent part, that the "Settlement Agreement contains the entire agreement between the parties."

13. The Plaintiff has permanent heart damage and would have never agreed to a $50,000.00 settlement unless the $400,000.00 judgment was extingushed and released.
14. As part and parcel of the Northern District of Iowa criminal case against Plaintiff for which he was convicted, the United States of America obtained a money judgment against Plaintiff in the amount of $400,000.00.
15. The personal money judgment referenced above is void and violates the statute used as a basis to obtain it. However, even if the personal money judgment was valid it was extinguished pursuant to Section I of the Settlement Agreement.
16. At, around, or sometime shortly after the time of the Settlement, the Defendant seized Plaintiff's settlement funds to satisfy in part the personal money judgment.
17. The Defendant effected the seizure of Plaintiff's funds by use of an unlawful warrant no reasonable law enforcement officer would have applied for.
18. The Plaintiff's funds were seized by the United States of America several months ago without any legal process.
19. The Defendant unlawfully seized Plaintiff's settlement funds to satisfy a void judgment in violation of the Settlement Agreement using a legal mechanism designed to avoid due process and, in fact, without any legal process whatsoever.
20. As a direct and proximate result, the Plaintiff was injured, including loss of his settlement funds totalling $10,000.00.
21. Moreover, the Plaintiff expects that he could be injured in the future because the United States claims it has authority to seize the Plaintiff's property at will, up to and including the

amount of the void judgment, while Plaintiff cannot possess monies but for permission of the United States as his jailer. Any additional seizures would also breach the Settlement Agreement. Thus, because the United States can seize any of the Plaintiff's monies, he cannot receive monies from third parties without the threat of seizure.

### COUNT I: BREACH OF CONTRACT

22. Plaintiff realleges each of the foregoing paragraphs as if fully set forth herein.

23. The United States of America breached the Settlement Agreement with the Plaintiff by seizing Plaintiff's settlement funds.

24. The Settlement Agrement discharged the personal judgment against the Plaintiff.

25. As a proximate result of the above-detailed actions of the Defendant, the Plaintiff was injured, which included the deprivation of property as well as various other expenses, including this lawsuit, that have been incurred as a result.

WHEREFORE, the Plaintiff demands judgment against the Defendant for compensatory damages, the costs of this action, and any such other and further relief as this Court deems equitable and just.

1-2-19
DATE

Ryan Keith Mathison, pro se
Fed. Reg. No. 03219-029
FCI Elkton
P.O. Box 10
Lisbon, Ohio  44432

### JURY DEMAND

The undersigned hereby demands a trial by jury including the maximum number of jurors allowed by law.

Ryan Mathison

- 4 -

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

RYAN KEITH MATHISON, )
)
Plaintiff, )
)
v. ) Case No. 12-1319
)
P.M OMELSON and TED WALL, )
)
Defendants. )

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is made and entered into by and between Ryan Keith Mathsion (Plaintiff); and the United States of America (Defendant). The parties hereby agree to the following:

### I. GENERAL AGREEMENT

The parties hereby agree to settle and compromise each and every claim, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above captioned case, as well as all other potential claims, known or unknown, under the terms and conditions set forth in this settlement agreement.

### II. CONSIDERATION

Defendant agrees to:
(1) Based on the FTCA, 28 U.S.C. § 1346(b)(1), pay Plaintiff the total sum of $50,000 (fifty thousand dollars).
(2) Not object to Plaintiff's motion to substitute his Federal Tort Claims Act (FTCA) claim in place of the current *Bivens* actions
(3) Not object to the dismissal of the current *Bivens* action against Ted Wall and Pamela Omelson
(4) Comply with all other terms of this Settlement Agreement

Plaintiff agrees to:
(1) seek and obtain leave of court to substitute a Federal Tort Claims Act (FTCA) claim in place of his current *Bivens* claims against Ted Wall and Pamela Omelson
(2) Dismiss, with prejudice, his *Bivens* claims against Ted Wall and Pamela Omelson
(3) Dismiss, with prejudice, his FTCA claim against the United States, and all other potential claims relating to this matter
(4) Comply with all other terms of this Settlement Agreement.

1

### III. NO ADMISSION OF LIABILITY

This Settlement Agreement is not and shall not be construed as an admission by the any defendant, including the United States, Ted Wall, and Pamela Omelson, of the truth of any allegation or the validity of any claim asserted in this lawsuit, or of Defendant's liability therein. Furthermore, none of the terms of the Settlement Agreement may be offered or received in evidence or in any way referred to in any civil, criminal or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this settlement agreement. The terms of this Agreement shall not be construed as an admission by Defendant that the consideration to be provided hereunder represents the relief, if any, that could be recovered after trial. Defendant expressly deny any liability for the claims in this matter.

### IV. WAIVER AND GLOBAL RELEASE

Plaintiff for himself, his heirs and personal representatives, fully and forever releases, acquits and discharges Defendant, and its components, agents, employees and former employees, either in their official or individual capacities, from any and all claims, demands, and causes of action of every kind, nature or description, whether known or unknown, which Plaintiff may have had, may now have, or may hereafter discover, including but not limited to any claims arising out of the events alleged in the complaint, Plaintiff's medical treatment as alleged in this case, and/or in connection with any event occurring, without limitation, that relates or was related to Plaintiff's complaint, as well as the claims raised in the above-captioned action, other pending claims, claims for personal injury, permanent injury, claims for emotional distress, claims related to medical treatment and claims of wrongful death.

In connection with such waiver and relinquishment, Plaintiff acknowledges that he is aware that he may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those which he now knows, with respect to the matters released herein. Nevertheless, it is Plaintiff's intention through this release, and with the advice of counsel, to settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between Plaintiff and Defendant, or its components, agents, employees and former employees, individually, and/or in their official capacities.

### V. NO ASSIGNMENT

Plaintiff represents and warrants that he is the sole and lawful owner of all rights, title and interests in and to every claim and other matter which he purports to release herein, and that he has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. Plaintiff shall indemnify Defendant, and any of its departments, components and current or former employees, whether in their official or individual capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

## VI. PAYMENT MECHANISM

Payment of the settlement amount in Section II of this Settlement Agreement, payment will be made by a check drawn from the Judgment Fund, Treasury of the United States, and made payable in the amount of $50,000.00 to Attorney Jared Kosoglad. Plaintiff's attorney agrees to distribute the settlement proceeds to Plaintiff in any manner agreed to between Plaintiff and his attorneys.

## VII. DISMISSAL WITH PREJUDICE

Subsequent to payment of the settlement proceeds by Defendants, Plaintiff and Defendants, by their attorneys, shall execute, pursuant to Rule 41 of the Federal Rules of Civil Procedure, the Stipulation of Dismissal with Prejudice attached as Exhibit A to this Agreement, thereby dismissing this case with prejudice. Counsel for Defendants agrees to file the Stipulation with the Court after the complete execution of this Agreement.

## VIII. EXECUTION OF ADMINISTRATIVE MATTERS

The parties agree to immediately take any action necessary to execute the terms of this Settlement Agreement, including signing and submitting any and all forms or documents. Plaintiff agrees to complete all motions and necessary paperwork to comply with the terms of the above-described procedural requirements to this agreement. The agreement to pay Plaintiff $50,000 is contingent upon all of the above-described conditions, namely that the United States is substituted in place of the *Bivens* defendants and then all claims related to this matter would be immediately dismissed.

Plaintiff further agrees to take any action necessary to dismiss with prejudice any pending grievances, claims, and other administrative actions against Defendant which are being released pursuant to this Settlement Agreement.

## IX. TAX CONSEQUENCES

Compliance with all applicable federal, state, and local tax requirements shall be Plaintiff's sole responsibility. This Settlement Agreement is executed without reliance upon any representation by Defendant as to tax consequences, and Plaintiff is responsible for the payment of all taxes that may be associated with the settlement payment. Further, nothing in this Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the settlement proceeds, and this Agreement is executed without reliance on any representation by Defendant as to the application of any such law.

The parties agree that none of the settlement proceeds are for reimbursement of medical expenses and that they have no received notices of liens for medical expenses The parties agree

that Plaintiff is not responsible for paying any of the medical bills or expenses related to this case out of the settlement proceeds, and the parties expressly agree that no efforts will be made to attempt to collect any of the settlement proceeds to reimburse the United States for Plaintiff's medical expenses related to this case.

## X. FEES

The parties agree that each party will bear its own costs, fees, and expenses and that any attorney's fees owed by Plaintiff will be paid out of the settlement amount and not in addition thereto.

## XI. MERGER CLAUSE

This Settlement Agreement contains the entire agreement between the parties, and Plaintiff acknowledges and agrees that no promise or representation not contained in this Agreement has been made to him, and he acknowledges and represents that this Settlement Agreement contains the entire understanding between the parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding. oral or written, that is not contained herein shall be recognized or enforced, nor does this Settlement Agreement reflect any agreed-upon purpose other than the desire of the parties to reach a full and final conclusion of the litigation and to resolve that suit without the time and expense of further litigation.

This Settlement Agreement and its Exhibit constitute the entire agreement and understanding between the Parties regarding this litigation and any and all administrative and litigation proceedings related to this Agreement. Any statement, representation, remark, agreement, or understanding, in written or oral form, that is not contained in this Agreement shall not be enforced, recognized, or used to interpret this Agreement or its Exhibits.

## XII. AMENDMENTS

This Settlement Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties, nor shall any provision hereof be waived other than by a written waiver, signed by the parties.

## XIII. BINDING SUCCESSORS

This Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff and Defendant and their respective heirs, executors, successors, assigns, and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

## XIV. SEVERABILITY

The provisions of this Agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

## XV. CONSULTATION WITH COUNSEL

Plaintiff acknowledges that he has discussed this Settlement Agreement with his counsel, who has explained these documents to him. Plaintiff acknowledges that he understands all of the terms and conditions of this Settlement Agreement. Plaintiff further acknowledges that he has read this Settlement Agreement, understands the contents thereof, and executes this Settlement Agreement of his own free act and deed. The undersigned represent that they are fully authorized to enter into this Agreement.

## XVI. COVENANT NOT TO SUE, COMMENCE FURTHER PROCEEDINGS, OR SEEK REINSTATEMENT

Plaintiff hereby covenants that he will not commence against Defendant any action, claim, suit, or administrative proceeding on account of any claim or cause of action that he has released or discharged by this Settlement Agreement.

## XVII. RULE OF CONSTRUCTION

Both parties acknowledge that they have participated in the drafting of this Settlement Agreement. The Agreement shall be considered a jointly drafted agreement and shall not be construed against any party as the drafter.

## XVIII. SEVERABILITY

The terms and provisions of this Settlement Agreement shall be deemed fully severable. If any term or provision of this Agreement is determined by a court or administrative body to be illegal, invalid, or unenforceable, this Agreement will be construed as if the severed term or provision had never comprised a part of this Agreement, and the remaining terms and provisions of this Agreement will remain in full force and effect and will not be affected by the severed term or provision or by the severance of such term from this Agreement.

## XIX. FULL AUTHORITY TO SIGN

Each person signing this Settlement Agreement represents and warrants that he or she has full authority to execute the Agreement on behalf of himself or herself, or on behalf of the party or entity on whose behalf he or she signs this Agreement.

## XX. EXECUTION IN COUNTERPARTS

This Settlement Agreement may be executed and delivered in counterparts. Each counterpart, when executed, shall be considered one and the same instrument, which shall

5

comprise the Agreement, which takes effect on the effective date following the completion of all signatures and executive of the Agreement.

**AGREED:**

_____    4-21-17
Jared Kosoglad, Counsel for Plaintiff    Date

_____    4-24-17
Joshua I. Grant    Date
Assistant United States Attorney
Counsel for Defendant